## SOMERS v. WHEELER.

JUDICIAL SALE: REDEMPTION FROM.

*Appeal from Jones Circuit Court.*

WEDNESDAY, APRIL 18.

THIS is an action in equity to set aside a certificate of purchase and sheriff's deed to defendant for lots one and nine, in block one, in the town of Olin, Jones county, and to permit plaintiff to redeem from the sheriff's sale; and also to set aside a deed from plaintiff to defendant for a part of lot ten, in block one, in said town. The court rendered a decree for plaintiff, as prayed in the petition. Defendant appeals.

*A. B. Oakley,* for appellant.

*S. T. Pierce* and *J. W. Jamison,* for appellee.

DAY, CH. J.—Lots Nos. one and nine, in controversy, owned by plaintiff, were on the 11th day of July, 1874, at sheriff's sale, sold to Nancy A. McKean for the sum of $669.07. About the last of October, 1874, the certificate of purchase was assigned to the defendant, and, on the 30th day of July, 1875, defendant procured a sheriff's deed therefor. The plaintiff claims that the transaction whereby defendant became possessed of the certificate of purchase was a loan to plaintiff, upon from three to five years time, of money to effect redemption from Mrs. McKean, and that the certificate of purchase was assigned to defendant as a mere security for repayment, and was held by him in lieu of a mortgage. The defendant, upon the other hand, maintains that he bought the certificate of purchase from Mrs. McKean, and that, at the expiration of the period of redemption, he was entitled to a sheriff's deed. The case presents solely this question of fact. Each member of the court has read the evidence with care, and has each come to the conclusion

that it satisfactorily and fully sustains the decree of the court below. Indeed, it rarely happens that in a case, presenting solely questions of fact, we are able to reach a conclusion with so little doubt. It is neither necessary nor desirable that the evidence should be fully reviewed, and a partial review would not be satisfactory. We have no hesitancy in holding that the decree should be

AFFIRMED.